IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Civil Action No. |
| $22,390.00 of U.S. Currency and Assorted Jewelry (VL: $119,109) | : | |
| | : | |

: : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Leah Jo Bressack, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against $22,390.00 U.S. currency and assorted jewelry involved in violations of the Controlled Substances Act that are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS IN REM

2. The defendant is $22,390.00 of U.S. Currency and assorted jewelry (hereinafter the "defendant property").

3. The defendant property was seized by agents with the Drug Enforcement Administration on or about April 25, 2013, from Jamar Holt at 8235 Berryfield Drive, Nottingham, Maryland.

4. Since seizure, the defendant property has been and presently is in the custody of the Department of Justice, U.S. Marshal Service.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. §881(a)(6).

6. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

7. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

8. The defendant property is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6), because they constitute money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constitute proceeds traceable to such an exchange, and were used and intended to be used to facilitate such violation.

## FACTS

9. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Task Force Officer Mark Howard of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that a Warrant of Arrest *in rem* be issued to the U.S. Marshal Service commanding the arrest of the defendant property; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United

States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____
Leah Jo Bressack
Assistant United States Attorney
400 United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770
301-344-4433

## VERIFICATION

I, Leah Jo Bressack, declare under penalty of perjury as provided by 28 U.S.C. §1746, that the foregoing Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration, and that everything contained therein is true and correct to the best of my knowledge and belief.

9/23/13
Date

_____
Leah Bressack
Assistant United States Attorney

## **DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $22,390.00 of U.S. Currency and the following jewelry and watches valued at a total of $119,109.00: a Men's Rolex Oyster Perpetual Day Date Wrist Watch; a Breitling Sport-Dress Cosmonaute Wrist Watch; a Rolex Oyster Perpetual Datejust Wrist Watch; a Ulysse Nardin Sport-Dress Marine Annual Chronograph Wrist Watch; a Rolex Oyster Perpetual Datejust Wrist Watch; a Corum Diamond Blue Bubble Boutique Wrist Watch; a Breitling Sport-Dress Windrider Crosswind Wrist Watch; A Breitling Sport-Dress Breitling for Bentley Wrist Watch; a Ernst Benz Sport-Dress Chronosport DLC Wrist Watch; a Yellow Gold Gent's Hand Assembled Monogram Medallion; a Yellow Gold Gent's Machine Made Diamond Necklace; a Platinum Gent's Combination Cast & Hand Assembled Platinum and Diamond Dog Tags; a 14kt Yellow Gold Gent's Diamond Bracelet; a Rolex Air-King Wrist Watch; A Breitling Sport-Dress Colt Wrist Watch; a Michael Kors Sport-Dress Chronograph Wrist Watch; a Michael Kors Gold Tone Ladies Huggie Style Earrings; a Michael Kors Ladies Cast Designer Fashion Pendant & Chain; One Silver Tone Gent's Cubic Zirconia Solitaire Earring; and one Silver Tone Gent's Cubic Zirconia Solitaire Earring.

I, Mark Howard, a Task Force Officer of the United States Drug Enforcement Administration ("DEA") and a Detective with the St. Mary's County Sheriff's Office, submit that there are sufficient facts to support a reasonable belief that the $22,390.00 of U.S. Currency and the aforementioned jewelry and watches valued at a total of $119,109.00 constitute (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and

securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

1. Between at least in or about February 2012 and on or about April 24, 2013, Alrahman Sharif ALLEN, a/k/a "Rock," a/k/a "Rahman Allen," ("ALLEN"), conspired with Jamar Holt, a/k/a "Reds," a/k/a "Jamal Holt," ("HOLT"), Damon Jerome Estep, a/k/a "Country," ("ESTEP"), Jeffrey Kirk Berry, a/k/a "Kojack," ("BERRY"), and others to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and 280 grams or more of cocaine base, commonly known as crack.

2. In February of 2012, the DEA initiated an investigation into the cocaine smuggling activities of ESTEP. Specifically, a confidential source provided information concerning the narcotics distribution activities of ESTEP and his associates. This confidential source provided information that ESTEP was a significant trafficker of cocaine in the Southern Maryland region. As a result, this confidential source was utilized to conduct several controlled purchases of crack cocaine from ESTEP and BERRY, who is one of ESTEP's drug couriers.

3. Based on the DEA's investigation of ESTEP, it was determined that ESTEP was utilizing ALLEN as a source of supply for cocaine. As a result, your affiant was granted authorization from the Honorable Judge Paul W. Grimm of the United States District Court for the District of Maryland, Southern Division, to intercept the wire and electronic communications of Target Telephone #1, used by ESTEP. As a result of the intercepts occurring over Target Telephone #1 and other investigation, your affiant was granted authorization by this Court to intercept the wire communications occurring on Target Telephone #2, used by ALLEN. Based on the interceptions occurring on Target Telephone #2 and other investigation, your affiant determined that HOLT was a source of supply for cocaine to ALLEN. The interceptions of

Target Telephone #1 and Target Telephone #2 have, among other things, confirmed that HOLT, ALLEN, ESTEP, BERRY and others are engaged in a large-scale narcotics trafficking organization in the southern Maryland and Baltimore Maryland regions.

4. On April 24, 2013, the Grand Jury sitting for the United States District Court of Maryland, Southern Division, returned an indictment against ALLEN, ESTEP, and BERRY, charging them with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation 21 U.S.C. § 846. On April 25, 2013, HOLT was charged by Criminal Complaint, authorized by the Honorable Judge William Connelly. On May 8, 2013, the Grand Jury for the United States District Court of Maryland, Southern Division returned a Superseding Indictment charging ALLEN, ESTEP, HOLT, and BERRY with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation 21 U.S.C. § 846.

5. On April 24, 2013, your affiant obtained federal search and seizure warrants for several residences, including 8235 Berryfield Drive, Nottingham Maryland (HOLT's residence). In the morning on April 25, 2013, agents executed the search warrant at 8235 Berryfield Drive. HOLT was located inside of the residence. As a result of searching this residence, officers recovered, among other things, a heat sealer, packaging materials, a digital scale, a mechanical press, seven cellular telephones, a plastic container of Polyethylene Glycol, $22,390.00 of U.S. Currency, and the following jewelry and watches: a Men's Rolex Oyster Perpetual Day Date Wrist Watch; a Breitling Sport-Dress Cosmonaute Wrist Watch; a Rolex Oyster Perpetual Datejust Wrist Watch; a Ulysse Nardin Sport-Dress Marine Annual Chronograph Wrist Watch; a Rolex Oyster Perpetual Datejust Wrist Watch; a Corum Diamond Blue Bubble Boutique Wrist Watch; a Breitling Sport-Dress Windrider Crosswind Wrist Watch; A Breitling Sport-Dress

Breitling for Bentley Wrist Watch; a Ernst Benz Sport-Dress Chronosport DLC Wrist Watch; a Yellow Gold Gent's Hand Assembled Monogram Medallion; a Yellow Gold Gent's Machine Made Diamond Necklace; a Platinum Gent's Combination Cast & Hand Assembled Platinum and Diamond Dog Tags; a 14kt Yellow Gold Gent's Diamond Bracelet; a Rolex Air-King Wrist Watch; A Breitling Sport-Dress Colt Wrist Watch; a Michael Kors Sport-Dress Chronograph Wrist Watch; a Michael Kors Gold Tone Ladies Huggie Style Earrings; a Michael Kors Ladies Cast Designer Fashion Pendant & Chain; one Silver Tone Gent's Cubic Zirconia Solitaire Earring; and one Silver Tone Gent's Cubic Zirconia Solitaire Earring. The aforementioned jewelry and watches have been appraised and the combined value is $119,109.00.

6. On April 26, 2013, your affiant transported to the Prince George's County Police Department Narcotics Enforcement Division the aforementioned mechanical press, heat sealer and packaging materials (specifically, a box of Ziploc bags and a box of sandwich bags), which officers seized from HOLT's residence. These items were subjected to a Barringer Ion Scan. The results of that scan indicated that (1) the heat sealer had a high level of cocaine and heroin contamination, (2) the packaging materials had a high level of cocaine contamination, and (3) the mechanical press had a high level of cocaine contamination. Your affiant knows, based on training and experience that the aforementioned items are commonly utilized to package kilogram quantities of drugs.

7. Your affiant also knows, based on training and experience, that narcotics traffickers often possess large amounts of currency generated from narcotics sales. Your affiant further knows based on training and experience, that narcotics traffickers will commonly utilize digital scales and heat sealers when packaging large quantities of drugs for re-sale. In addition,

4

your affiant knows that it is common for narcotics traffickers to purchase high-value items of jewelry with drug proceeds.

8.   Wage records obtained from U.S. Probation, which is supervising HOLT, confirm that HOLT reported approximately $11,000 in earnings in 2012 and $4,900 earnings in 2013 from a part-time job. Indeed, according to federal tax records, HOLT's income for tax year 2012 was $11,012. Based on your affiant's investigation, there does not appear to be any legitimate source of income that would have enabled HOLT to purchase jewelry and watches valued at $119,109 and to possess $22,390.00 of U.S. Currency.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE DRUG ENFORCEMENT ADMINISTRATION, IN REFERENCE TO THE SEIZURE OF $22,390.00 of US CURRENCY AND JEWELRY AND WATCHES VALUED AT $119,109.00 FROM JAMAR HOLT ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Mark Howard, Task Force Officer
Drug Enforcement Administration
United States Department of Justice

5