**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CIVIL NO. DKC-13-02820** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **$22,390.00 of U.S. Currency and** | ) | |
| **Assorted Jewelry (VL: $119,109)** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |

**CONSENT MOTION TO A STAY OF PROCEEDINGS**

Plaintiff, the United States of America, by and through undersigned counsel, and pursuant to 18 U.S.C. § 981(g)(1), hereby requests that the Court stay this case pending resolution of the parallel criminal case.   Defense counsel consents to this motion.   In support of this Motion, the Plaintiff states as follows:

**Introduction**

This is a civil forfeiture action instituted by the filing of a Verified Complaint for Forfeiture on or about September 25, 2013, that alleged that the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

On or about May 8, 2013, a Superseding Indictment was filed in the U.S. District Court for the District of Maryland in *United States v. Allen et al.*, Criminal Number DKC-13-204.

**Argument**

A stay of the civil proceedings in these circumstances is expressly prescribed by

18 U.S.C. § 981(g)(1)[1], which provides as follows:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

Thus, there are two elements that the Court must find in order to grant the stay: (1) that there is a "related" criminal case, and (2) civil discovery in this case will adversely affect the government's ability to conduct the criminal prosecution.

The forfeiture does not have to be perfectly parallel to the criminal case in order to be sufficiently related.   18 U.S.C. § 981(g)(4).   "[T]he court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors."   *Id.*   The first element is met because the property which is the subject of the Verified Complaint was seized from a defendant's residence in the criminal case, DKC-13-204, the circumstances are identical and, essentially, the issues are identical.

Moreover, the Superseding Indictment alleges that the defendant did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of crack cocaine, and the Verified Complaint in this case alleges that the defendant property was proceeds or was derived from proceeds furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation, in violation of 21 U.S.C. § 841.   That is, the Verified Complaint alleges that the defendant

---

[1]   This subsection is expressly made applicable to this case by 21 U.S.C. § 881(i).

property is proceeds of or was derived from proceeds generated from the drug conspiracy at issue in DKC-13-204.   Thus, the circumstances supporting the criminal indictment are related to this civil forfeiture.

To the second point, the discovery process in this case would interfere with the government's prosecution.   The criminal defendant is the claimant in this civil forfeiture case. Because the claimant is entitled to take civil depositions of witnesses who are common to both cases and can learn strategy involved in the criminal prosecution, the discovery process in this case, would interfere with the prosecution of the parallel criminal case.   Such discovery would subject the prosecution "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding."   *United States v. One Assortment of 73 Firearms*, 352 F.Supp.2d 2, 4 (D. Me. 2005).

Therefore, the government has met the requirements of § 981(g)(1) by demonstrating the existence of the related criminal case and by demonstrating the potential that civil discovery would interfere with the criminal case.   Given the mandatory language of the statute, such a demonstration "shall stay the civil forfeiture proceeding."   18 U.S.C. § 981(g)(1). *See United States v. Leasehold Interest in 118 Avenue D, Apt. 2A*, 754 F. Supp. 282, 285 (E.D.N.Y. 1990) ("the district court *must* grant a stay"); *United States v. All Funds on Deposit in Business Money Market Account*, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004).

## **Conclusion**

For the foregoing reasons, the government respectfully requests that this Court order that all matters in this civil case be stayed pending the outcome in the related criminal case. Defense counsel agrees with this motion.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:_____/s/_____
      Leah Jo Bressack
      Assistant United States Attorney
      400 United States Courthouse
      6500 Cherrywood Lane
      Greenbelt, Maryland 20770
      301-344-4433

_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Motion was filed using CM/ECF on November 5, 2013 and served on all parties electronically via that system.

____/s/_____
Leah Jo Bressack
Assistant United States Attorney