FILED ENTERED
LODGED RECEIVED

JUL 15 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | CRIMINAL NO. DKC-13-204 |
| **JAMAR HOLT,** | * | |
| Defendant. | * | |

*************

### ORDER OF FORFEITURE

WHEREAS, the defendant, Jamar Holt pled guilty pursuant to a written plea agreement to Counts One and Five of the Third Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and one kilogram or more of a mixture of substance containing a detectable about of heroin, in violation of 21 U.S.C. § 846, and knowingly conducting a financial transaction involving property which represented the proceeds of some form of unlawful activity, knowing the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

WHEREAS, pursuant to his plea agreement, the defendant agreed to forfeit $1,000,000 to the United States in the form of a money judgment, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act;

WHEREAS, the defendant, pursuant to his plea agreement, agreed to forfeit the following items as property directly traceable to, or used to commit or to facilitate the commission of, the offenses:

a. a black 2009 Honda Accord, VIN 1HGCS22829A003982;

b. a white 2012 Jeep Cherokee, VIN 1C4RJFCT0CC192178;

c. the real property located at 4338 Glenmore Avenue, Baltimore, Maryland 21206;

d. the real property located at 524 Oldtown Mall, Baltimore, Maryland 21202;

e. the real property located at 526 Oldtown Mall, Baltimore, Maryland 21202;

f. all jewelry, which officers recovered and seized on April 25, 2013 from 8235 Berryfield Drive, Nottingham, Maryland; and

g. $22,390 in U.S. currency, which officers recovered and seized on April 25, 2013 from 8235 Berryfield Drive, Nottingham, Maryland.

WHEREAS the money judgment and the directly forfeitable property are referred to herein as "the Subject Property"; and

WHEREAS, the defendant agreed that entry of this order shall be made a part of the sentence and be included in the judgment in this case without further order of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Rule 32.2(b)(3), the United States is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets or otherwise used to satisfy the money judgment.

3. Upon entry of this Order, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. See Rule 32.2(c). The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. See Rule 32.2(b)(6). No such notice or ancillary proceeding is necessary, however, to the extent that this Order consists solely of a judgment for a sum of money. Rule 32.2(c)(1).

4. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

5. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

6. If a petition is filed by a third party, and after the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

9. Insofar as this Order contains a judgment for a sum of money, the Defendant shall remain personally liable until the judgment is satisfied. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Rule 32.2(e) if the Government locates specific assets traceable to the Subject Property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p).

10. The value of any substitute assets included in the Subject Property shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

11. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Leah Bressack, U.S. Attorney's Office, 6500 Cherrywood Lane, Suite 200, Greenbelt MD 20770.

Date: _July 14, 2014_

_____
DEBORAH K. CHASANOW
United States District Judge